**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CHRISTOPHER DOUGLAS GLASS                                                              PLAINTIFF

v.                                          3:13CV00158-SWW

SHANNON LANGSTON, Judge
Mississippi County; *et al.*                                                                          DEFENDANTS

## ORDER

Christopher Glass is a detainee in the Mississippi County Detention Center. He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights. Having reviewed the Complaint (Doc. No. 2), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his Complaint (Doc. No. 2) should be DISMISSED.

**I.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous; (b) malicious, or fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve

as a fact-finding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## II.     ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Judge Shannon Langston, County Prosecutor Chris Jester, and Court Clerk Rebecca Clowers

Judges and prosecutors have absolute immunity from claims for damages for acts performed within their official authority. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Plaintiff

states that Judge Langston failed to appoint him a public defender, proceeded to trial against his wishes and found him guilty "by the look in his eye." (Doc. No. 2.) The Complaint states little about the actions of Mr. Jester other than he and Judge Langston gave him two concurrent sentences of eleven months and twenty-nine days. (Doc. No. 2.) The claims against Judge Langston are clearly actions performed within her official authority. So Judge Langston and Mr. Jester are immune from suit and the claims against them are dismissed.

With regard to Rebecca Clowers, court clerks "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted 'in the clear absence of all jurisdiction.'" *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (quoting *Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987.) Plaintiff states Ms. Clowers recorded in the court docket the events that occurred during the court proceedings and told his family and the bondsman his bond was $5000 when in reality it was $2500. (Doc. No. 2 at 4-5.) The tasks performed were part of the judicial process and Ms. Clowers is immune from suit.

Plaintiff also states he asked Ms. Clowers for a public defender and she told him Judge Langston "would not give [him] one and [he] would have to sell everything [he] had to get a lawyer." (*Id.* at 5.) Ms. Clowers does not have authority to appoint a lawyer for Plaintiff and her actions here do not implicate a violation of Plaintiff's constitutional rights. Thus, all claims against Ms. Clowers are dismissed.

### B.    Chief Keith Evins

Although Plaintiff names Leachville Chief of Police Keith Evins as a defendant, he fails to state any claims against him. (Doc. No. 2.) Plaintiff, therefore, fails to state a claim against Chief Evins and his claims against him are DISMISSED.

**III.     CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff fails to state a claim upon which relief may be granted against any of the named Defendants and his Complaint (Doc. No. 2) should be DISMISSED without prejudice.

2.      Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 14th day of August 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).